## (October 17, 1966)

■ In the Matter of LEON J. TEPPER, an Attorney, Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner.— In this proceeding to discipline respondent, an attorney, for professional misconduct, this court heretofore referred the issues to a Justice of the Supreme Court for hearing and report. Respondent was admitted to the Bar by the Appellate Division, First Judicial Department, in November, 1931 and has been maintaining an office in Bay Shore, New York. The hearing has been held and concluded and the Justice has submitted his report, in which he has found that the three charges against respondent were sustained by the proof. Petitioner now moves to confirm the report. Each of the three charges accused respondent of commingling funds of a client with his own funds and converting the client's funds to his own use. Although respondent made full restitution, he did so in each case only after disciplinary or criminal proceedings were instituted against him. With respect to the first charge, the proof shows that on June 15, 1961, when respondent had $7,500 of his client's money in his possession, he had the client sign an authorization for him to invest the $7,500 for her. However, he invested the money, together with his own funds, in securities in his own name. In September, 1963, after partial remissions to the client, respondent failed to comply with the client's demand for the $5,900 balance then due her. After complaint to the Bar Association, respondent paid her $500 in February, 1964 and, after further complaint, paid the balance in December, 1964. With respect to the second charge, the proof shows that on October 1, 1962, when $17,500 which respondent had been holding in escrow became payable to another client, respondent paid him $6,500 out of the $17,500, telling him that he had invested the remainder in a real estate venture. The reporting Justice found that respondent's testimony that the client had authorized such use of the money was incredible. Respondent paid $1,500 to the client in October, 1962 and, after complaint to the Bar Association, repaid the remainder by September 27, 1963. With respect to the third charge, the proof shows that respondent induced a client to turn over about $18,000 to him in 1961 and invested it in real estate. The Justice disbelieved respondent's testimony that the client had authorized such investment by respondent. A check given by respondent to the client in the Summer of 1964, after repeated demands, was returned for insufficient funds. After complaint to the District Attorney and the commencement of suit in the District Court, respondent repaid the client in October, 1964. Respondent admitted to an investigator of the District Attorney's office that he had " embezzled the money."

We find the Justice's views of the evidence justified and that the evidence amply supports his findings that the charges were proved. The respondent is unfit to continue as a member of the Bar. The motion to confirm the report is granted and the report is confirmed. The respondent is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective immediately. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.